[Civ. No. 20740.    Second Dist., Div. One.    May 9, 1955.]

NORETTA HALADA, a Minor, etc., Appellant, v. VENICE LAKE PARK, INC. et al., Respondents.

Lynch & Reilly and Arthur M. Reilly for Appellant.

Fulcher & Wynn and Carol G. Wynn for Respondents.

DORAN, J.—This is an appeal from the judgment in favor of defendants.

The action is for personal injuries. Defendants are the owner and operators of a children's amusement park. As recited in appellant's brief, "The defendants operated a concession where, for a consideration, children were offered an opportunity to ride a pony around a circular track. On that date (October 7, 1951), the plaintiff Noretta Halada, aged 12 years, accompanied by a friend, Rosalie Doering,

aged 15 years, paid her money and was assigned one of the ponies. The only employee of the defendant on the premises was 15-year-old Pat Benninger.

"The only witnesses who testified directly as to the accident were the aforesaid Noretta Halada, Rosalie Doering, and Pat Benninger, the latter of whom gave his testimony by way of deposition, and there was a sharp conflict in the testimony of the two girls as opposed to that of Pat Benninger on every material detail of the occurrence."

The girls were riding horses, when, as testified by them, "Pat Benninger suddenly yelled at the horse and applied his whip, causing the horse to bolt forward to the right of the horse up ahead and between it and the fence which surrounded the track, causing Noretta Halada to strike her left leg against the other pony with sufficient force to snap it, whereupon she was thrown to the ground and, according to the girls, the horse which had been ridden by her continued running to the end of the track.

"All this was denied by Pat Benninger to the extent, among other things, that he denied having a whip or shouting at the ponies or having anything to do with their movements and placed himself on the near side of the 'mountain' at a distance of at least 25 feet to the side and front of the girls rather than behind them at the time of the accident when, he stated, the horse ridden by the plaintiff passed to the left of the horse in front and the plaintiff fell to the ground."

The issue as presented by appellant, "Is there a prejudicial irregularity requiring reversal of a judgment against the plaintiff in a personal injury action, where, after the jury has deliberated part of two days and is still deliberating during the afternoon of Good Friday, and there is every indication that there exists in the jury a serious disagreement as to liability, the trial court fails and refuses to hear the jury's request for further reading of the evidence in open court and communicates his refusal to the jury through the bailiff without consulting counsel who are present?"

The issue as presented by respondent is that, "The only issue presented by this appeal is whether or not a communication by the trial judge to the jury, through the agency of a bailiff, that the jury's request for a rereading of testimony cannot be granted because of illness of the Official Court Reporter, is reversible error."

The incident was by no means trivial, nor, was it unim-

portant. Counsel, who were present, were entitled to be informed as to the jury's request. Whether the outcome or the verdict would have been any different is beside the issue. The verdict was 9 to 3. In the circumstances, the action of the trial judge must be held, as a matter of law, to have been prejudicial.

The judgment is reversed.

White, P. J., and Drapeau, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied July 6, 1955.