[Crim. No. 644. Fifth Dist. Apr. 29, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. GENE RAY-MOND YORK, Defendant and Appellant.

Robert E. Bradstreet, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Jack R. Winkler, Deputy Attorney General, for Plaintiff and Respondent.

STONE, J.—This case was previously before this court on an appeal from a judgment of conviction of the crime of

assault with a deadly weapon upon a police officer. Upon the direct appeal from the judgment, defendant raised the point that during its deliberations the jury, through the foreman, advised the bailiff that it wished a transcript of the testimony of the police officer and was told by the bailiff that it was not available. In a nonpublished opinion affirming the judgment, this court noted that it could not consider the error asserted in the appeal brief since the facts supporting the alleged misconduct of the bailiff were discovered following denial of the motion for a new trial and, consequently, were not part of the record. The court pointed out that defendant might seek relief by filing an appropriate writ. This petition for writ of error *coram vobis* followed.

The Honorable Robert K. Meyers, retired judge of the Superior Court of the State of California, in and for the County of Tulare, was appointed referee to hold an evidentiary hearing concerning matters raised in the *coram vobis* petition. Judge Meyers found that the incident occurred and that it was prejudicial to defendant.

The Attorney General does not deny that the record establishes unequivocally that the jury wished to review the testimony of the police officer and, through the mistaken belief of the bailiff, were advised that it was not available. Neither does the Attorney General deny that the bailiff violated the law by himself advising the jury, and wrongly at that, rather than returning them to the court as provided by Penal Code section 1138. ▪ Rather, the Attorney General takes the position that the referee erred in permitting the foreman of the jury and other jurors to testify as to the events that occurred and thereby impeach their verdict. This, it is argued, is contrary to the law of this state. (*People* v. *Weatherford,* 27 Cal.2d 401 [164 P.2d 753]; *People* v. *Gidney,* 10 Cal.2d 138 [73 P.2d 1186]; *Smith* v. *Shankman,* 208 Cal.App.2d 177 [25 Cal.Rptr. 195]; Witkin, Cal. Criminal Procedure (1963) § 519, p. 529.)

However, the finding of the referee is supported by evidence other than the testimony of the jury foreman or any of the jurors. Disregarding their testimony, there remains the testimony of defendant's mother, Dorothy Watts, and his stepfather, Joseph Watts, who overheard the conversation between the jury foreman and the bailiff. There is also the testimony of the bailiff and of the trial judge. This testimony, considered as a whole, constitutes substantial evidence in support of the findings of the referee. The language of the Supreme Court in *People* v. *Weatherford, supra,* 27 Cal.2d 401,

cited by the Attorney General, impels our acceptance of the ultimate findings of the referee. It is said, at page 418: ''Even assuming that the courts of this state are committed to the minority rule that, without recognition of any exception relating to improper extraneous influences, misconduct of the officer in charge of the jury, or improper communications of the judge, the affidavits, testimony, and depositions of jurors are inadmissible to impeach their own verdict [citations], nevertheless in the present record there remains a sufficient foundation for presentation of the point upon the uncontradicted affidavits of the bailiff and of counsel for defendant.'' (See *Smith* v. *Shankman, supra,* 208 Cal.App.2d at pp. 184-185.)

The Attorney General argues that defendant suffered no prejudice in that the jury was able to reach a verdict without the benefit of the transcript. But we have no way of knowing whether they would have reached the same verdict had the testimony of the officer been read to them. A number of cases have found prejudice under similar circumstances. Particularly in point is *Smith* v. *Shankman, supra,* a civil case, in which the jury foreman informed the bailiff during deliberations of the jury that they wanted a transcript of Dr. Shankman's testimony, and the bailiff replied that the jury could not have that transcript. Upon these facts, which are almost identical to the case at bench, the court said, at page 184: ''Although it is true, as respondent points out, that the bailiff was technically correct in instructing the jurors that the written transcript itself could not be given to them, it does not follow that his misconduct was of no consequence. 'While the jury's action did not constitute in so many words a request for a reading of some portion of the transcript, such action can reasonably be interpreted as such a request. . . .' [Citation.] Had the bailiff properly deferred action on the jury's request until the trial judge had returned from dinner, the jury could then have been brought into open court, pursuant to Code of Civil Procedure, section 614, and the judge could have inquired whether they desired to have portions of the relevant testimony reread. As a result of the bailiff's failure to follow this procedure, the jury's request for the transcript was denied in such a manner as to indicate that there was no alternative method by which they could review testimony which they obviously considered important.''

In *Halada* v. *Venice Lake Park, Inc.,* 132 Cal.App.2d 788 [283 P.2d 42], the jury, during deliberations in a personal injury case, requested a further reading of certain evidence,

and the trial judge communicated his refusal through the bailiff without consulting counsel. On appeal, the judgment in favor of defendants was reversed, the court stating, at pages 789-790: ''The incident was by no means trivial, nor was it unimportant. Counsel, who were present, were entitled to be informed as to the jury's request. Whether the outcome or the verdict would have been any different is beside the issue. The verdict was 9 to 3. In the circumstances, the action of the trial judge must be held, as a matter of law, to have been prejudicial.''

We learn also from *People* v. *Weatherford, supra,* 27 Cal.2d 401, 408, that whether error of this character is prejudicial to the extent that a retrial is required depends upon the facts of the particular case.

Here, the testimony which the jurors desired to review ran to the very essence of the prosecution's case. Defendant was charged with assault with a deadly weapon upon a police officer. There was testimony that in the nighttime, on a parking lot adjacent to a bar, defendant fired a shot in the direction from which he heard a voice commanding him to halt or be shot. The officer, wearing a dark uniform, had just arrived. Where he was standing was relevant to the question whether the jurors could infer that defendant saw or knew the person in whose direction he fired the shot was a police officer. The question touched upon the subject whether the jurors entertained a reasonable doubt. The fact that they asked to review this particular evidence indicates that they either did not recollect clearly the officer's testimony, or they disagreed as to what the officer had said.

Penal Code section 1138 specifically provides that if the jury desires testimony read they shall be brought into court for that purpose. Under the circumstances of this case, we believe the error constitutes a denial of due process of the law, and was prejudicial to defendant.

The writ of error *coram vobis* is granted; the remittitur issued in *People* v. *York* [Crim. No. 401], a nonpublished opinion, is recalled; the judgment of conviction is vacated; the case is remanded to the Superior Court of Tulare County for further proceedings.

Conley, P. J., and Gargano, J., concurred.