N. P. HANSON, Appellant, v. I. W. CLINE, J. E. GRAY
AND W. E. GRAY.

Pleadings: AMENDMENT. The statute relating to amendment of
pleadings will be liberally construed, so as to permit the same
where substantial rights are not thereby prejudiced; and although
filed without leave of court it should not be stricken, if allowable
had leave been asked.

Same: AMENDMENT AFTER REVERSAL. After the appeal of an action
for false representation in the sale of land, and remanding of the
case, an amendment of the petition to conform to the proof on
the former trial should be allowed, permitting the plaintiff to
change his ground of fraud from a charge that defendant had
personal knowledge concerning the quality of the land, to one that
the representations were made as in fact true although defendant
denied personal knowledge concerning the same.

*Appeal from Calhoun District Court.*—HON. Z. A.
CHURCH, Judge.

THURSDAY, DECEMBER 17, 1908.  ·

REHEARING · DENIED FRIDAY, APRIL 9, 1909.

SUIT to recover damages for fraud in the exchange
of properties.   There was a directed verdict for the de-
fendants, and a judgment thereon against the plaintiff for
costs, and he appeals.  *Reversed* and *remanded.*

*Thomas D. Healy* and *E. C. Stevenson,* for appellant.

*J. M. Parsons, J. F. Lavender* and *M. W. Frick,*
for appellees.

SHERWIN, J.—This is the second appeal in this case.

The opinion on the first appeal is reported in 136 Iowa, 101, where a full statement of the issues upon which the case was then tried will be found, and a full statement of the evidence bearing upon the question of fraud. We there held that there was sufficient evidence of fraud to take the case to the jury, but we reversed the case because the evidence did not support the issue presented to the jury by the trial court. As the issues then stood, it was alleged by the plaintiff that the defendants had personal knowledge of the representations made to the plaintiff, and the court instructed that, unless they found such to be the case, they must find a verdict for the defendants. There was no evidence tending to show personal knowledge on the part of the defendants, but on the contrary, the record conclusively showed that they had no personal knowledge of the quality of the Nebraska land, and on that trial of the case the issue really tried did not involve the question of such personal knowledge on the part of the defendants. It was tried on the theory that, while they had no personal knowledge, the representations made by them were in fact true and so represented to be. After the case reached the district court for retrial following its reversal, the plaintiff offered an amendment to his petition to conform to the evidence offered on the former trial, alleging that the representations made by the defendants respecting the land in question were made as matters that were in fact true, although both of the defendants Gray asserted that they had not personally visited the land. The defendants moved to strike this amendment, on the ground that it changed the issues, and this motion was sustained. Thereafter the plaintiff introduced a transcript of the evidence taken at the former trial on the part of the plaintiff, and after this was done, the defendants, without offering any testimony, moved for a directed verdict, which motion was sustained and the case dismissed at the plaintiff's costs.

There was error both in refusing to permit the plaintiff to file his amendment to the petition and in directing a verdict for the defendants. Code, section 3600, provides, in substance, that amendments may be filed in furtherance of justice, and that either party may amend his pleadings for the purpose of correcting mistakes or by asserting other allegations material to the case, or "when the amendment does not change substantially the claim or defense, by conforming the pleadings or proceedings to the facts proved." It has been the consistent holding of this court that this statute should be liberally construed; that it is the rule to allow amendments whenever substantial rights are not prejudiced by so doing. *Pride v. Wormwood,* 27 Iowa, 257; *Newman v. Covenant Ins. Ass'n,* 76 Iowa, 56; *Williamson v. Ry. Co.,* 84 Iowa, 583. And although a party has no absolute right to file an amendment without leave of court, it should not be stricken on motion if it is one which should have been allowed had leave to file been asked. *Miller v. Perry,* 38 Iowa, 301.

*1. PLEADINGS: amendments.*

The ultimate question in this case, from its inception, has been whether the defendants made such false and fraudulent representations as to the quality and condition of the Nebraska land as to entitle the plaintiff to recover if he was justified in relying upon such representations as true. The gist of the action was fraud on the part of the defendants, and it can make no difference whether such fraud was perpetrated by representations of personal knowledge or by at the same time denying personal knowledge, and representing that the facts stated were true. Whether they had personal knowledge upon which representations were based, or whether they made the representations based upon information which they claimed to have, can make no difference, for whichever horn of the dilemma they may choose to accept, the fraud was the same, and the amendment offered did

*2. SAME: amendment after reversal.*

no more than to conform the pleadings to the proof upon which the case had formerly been tried, and upon which it was proposed to try it, and upon which it was in fact tried after it had been remanded by this court. That an amendment may be permitted under such circumstances, after an appeal and a remanding of the case, is well settled. *Bebb v. Preston,* 3 Iowa, 325; *Scott v. County,* 53 Iowa, 47; *Gray v. Regan,* 37 Iowa, 688. The evidence on the part of the plaintiff being the same on this last trial that was offered on the former trial, and we having held on the former appeal that it was sufficient to take the case to the jury, it is evident that there was error in directing a verdict on the defendants' motion. *Hensley v. Davidson,* 135 Iowa, 106.

The law of this case, so far as other questions which may arise in the future progress thereof are concerned, was settled in the former opinion, and we need not therefore discuss other questions presented by the appellant.

For the error pointed out, the judgment must be, and it is, reversed, and the case remanded for proceedings not inconsistent with this and the former opinion.—*Reversed and remanded.*