Tom C. HUTCHINSON, administrator of estate of Margaret Anne
Hutchinson, deceased, appellant, v. FORT DES MOINES
COMMUNITY SERVICES, INC., appellee.

## No. 50238.

(Reported in 107 N.W.2d 567)

Fᴇʙʀᴜᴀʀʏ 8, 1961.

Jones, Rockwell & Oliver, of Des Moines, for appellant.

Bradshaw, Fowler, Proctor & Fairgrave, of Des Moines, for appellee.

LARSON, J.—Twice previously this case has been considered by us. See Hutchinson v. Des Moines Housing Corp., 248 Iowa 1121, 84 N.W.2d 10, and Hutchinson v. Des Moines Housing Corp., 250 Iowa 1306, 99 N.W.2d 81. A similar case was before us in Tedrow v. Des Moines Housing Corp., 249 Iowa 766, 87 N.W.2d 463.

Substantially the same facts, including an appropriate plat, appear in 250 Iowa 1306, 1310, and it seems unnecessary to repeat them here. As a result of previous decisions the sole defendant herein is the Fort Des Moines Community Services, Incorporated, a nonprofit corporation which formerly conducted community services for residents of the Fort Des Moines Housing Area. It leased Building 318 from the Des Moines Housing Corporation. Plaintiff alleged that defendant was negligent in allowing pennies to be placed in the fuse sockets of a fuse box on the premises, creating a dangerous condition and fire hazard proximately causing the fire and death of Margaret Anne Hutchinson. Complying with our previous direction, these issues were submitted to a jury and it returned a verdict for defendant. The trial court overruled plaintiff's motion for a new trial, and he appeals.

Specifically, plaintiff contends the trial court erred in failing to grant a new trial on the grounds (1) that the verdict was the result of passion and prejudice, (2) that the verdict is contrary to the law and not supported by the evidence, (3) that certain members of the jury falsely answered certain questions during voir dire examination, (4) that statements made in the jury room were prejudicial to plaintiff's case and were outside the record, and (5) that the trial court erred in failing

to grant plaintiff a new trial because of the bailiff's failure to notify the Judge and counsel of the jury's request to have certain testimony reread to it. In other words, he says the court erred in refusing him a new trial upon his showing of misconduct by two jurors, the entire jury, and by the court bailiff.

In his brief and argument plaintiff assigns as error, but does not argue, that the verdict was the result of passion and prejudice. He simply states:

"Appellant is not complaining about the rulings of the trial court, except ruling on motion for new trial, but taking the whole record and the things that occurred in the jury room, such as the undisputed evidence tending to prove plaintiff's case, the fact that certain jurors made detrimental statements during deliberation, and the prejudicial actions of the bailiff, plaintiff is certainly entitled to a new trial."

He argues the record discloses that one or more jurors did not truthfully answer questions put to them by counsel on the voir dire examination, that the bailiff arbitrarily refused to notify the court of the jury's request for clarification of certain testimony, and that when all the facts were considered, plaintiff was so greatly prejudiced that a denial of his motion for a new trial was reversible error.

In overruling plaintiff's motion for a new trial, the learned district court said:

"Under the entire record, the Court is convinced the verdict of the jury was given after due deliberation and the verdict was not the result of passion and prejudice. The Court is convinced the verdict returned in this case is not contrary to law and is supported by the evidence. It appears * * * there is no evidence of any false swearing on voir dire examination nor is there any evidence that the verdict is based on any inconsequential statements made in the jury room. As to the statement of one of the jurors that they would like to have the court reporter read some of the testimony or that they would like a transcript of some of the testimony, it is the Court's conclusion that the bailiff followed the Court precedent set over a period of many years in this judicial district [in] not making a specific reference to said request to the presiding Judge." The court

then concluded: "* * * if said request had been passed on to this Court as has been done on previous occasions, said request would have been refused by the Court and only taken up by the Court if the jurors remained in the jury room for an extremely long period of time."

I. This court is committed to the rule that we will not ordinarily interfere with the sound discretion of the trial court in granting or denying a new trial. It must appear clearly that there has been an abuse of the discretion lodged in the trial court before this court will interfere with the lower court's ruling. Morton v. Equitable Life Ins. Co., 218 Iowa 846, 254 N.W. 325, 96 A. L. R. 315. We said in Jordan v. Schantz, 220 Iowa 1251, 1257, 264 N.W. 259, 262:

"It is well settled in this state that the trial court has a wide discretion in the matter of granting new trials in jury cases, and that an order of court granting a new trial will not be interfered with on appeal except where it clearly appears that there has been an abuse of that discretion."

Also see United States v. Campbell (D. C. N. D. Iowa), 138 F. Supp. 344; Annotation, 50 A. L. R.2d 176, 181, 188. This rule was recently recognized in Wilson v. Iowa State Highway Commission, 249 Iowa 994, 1000, 1001, 90 N.W.2d 161, 165. We said therein that even though no single ground be sufficient in itself, yet, if, when considered together, all will reasonably support the trial court's conclusion that a fair trial has not been had, the trial court's order will be sustained, but as to the extent and scope of the trial court's discretion it was said: "We recognize that the trial court has a wider discretion in granting new trials than this court has." This is especially true as to a general allegation of unfairness.

It was not only appellant's burden to disclose and prove facts which were sufficient to sustain the trial court's action, had it granted a new trial, but he is also required to show here an abuse of the trial court's discretion in refusing to grant a new trial. While he may have sustained his burden as to the first requirement, he failed in the latter.

The issues as to defendant's negligence and the cause of the fire that destroyed Building 318 were issues of fact for the

jury under the record. The evidence was much the same as that in the case of Hutchinson v. Des Moines Housing Corp., supra, 250 Iowa 1306, 99 N.W.2d 81, and it was our holding therein that those were fact questions for the jury. It is the law of the case. McKlveen v. Townley, 233 Iowa 328, 331, 332, 7 N.W.2d 186; Glanville v. Chicago, R. I. & P. R. Co., 196 Iowa 456, 458, 193 N.W. 548; Hanson v. Cline, 142 Iowa 187, 190, 118 N.W. 754, 3 Iowa Digest (West's), Appeal and Error, key 1195.

We pointed out in the previous Hutchinson case (at page 1312 of 250 Iowa): "Three competent and qualified experts testified, and the evidence offered is sufficient to require submission to the jury as to Community Services, Inc." In the case at bar Lagerstrom, Nelson and Herron again testified for the plaintiff, and Brown and Vetersneck again testified for defendant, substantially as they had in the previous trial. These experts differed as to whether the proximate cause of the fire was the pennies placed back of the fuses. Of course the jury was not compelled to take the views of these experts, nor to accept plaintiff's evidence that no rags, oil or cigarette butts were left in the tavern when it was closed for the night. Appellant concedes in argument that "some points of our theory of causation" are based on circumstantial evidence, but argues his over-all evidence is sufficient to justify a verdict in his favor. Unquestionably it is, but the jury was not compelled to so find, and was not required to accept plaintiff's theory even if his evidence was strong. We are satisfied, as we were in the first case, that plaintiff made out a case against the defendant sufficient to go to the jury, but that does not mean it was required to find in his favor. In other words, this court cannot say as a matter of law that such a verdict was not proper or that the trial court's discretion in refusing a new trial on that ground alone was error. Apparently plaintiff does not so contend, but believes when that evidence in his favor is given the weight to which it should be entitled, and is connected with other alleged irregularities, its significance and importance on the question of a fair trial becomes most evident.

II. The other alleged irregularities, plaintiff contends, were proven by affidavits and by testimony offered at the hear-

ing on his motion. This evidence of misconduct, he says, compels a finding that the trial was unfair. We cannot agree. Proof of such alleged misconduct is indeed somewhat less than compelling.

The voir dire examination was not reported and we find no bill of exceptions was ever filed as provided for by R. C. P. 241. Plaintiff relies, as he must, upon the testimony of Mr. Rockwell, associate counsel for plaintiff who was present during the examination, and Mr. Antomori, one of the selected jurors. In addition, he produced an affidavit of Juror Louise Wykoff as to what was said by Jurors Warren and McCoy during the deliberation. This evidence, he says, proves the answers given by Warren and McCoy in voir dire examination were false, and concludes therefrom that their minds were made up before the trial. He argues that had truthful answers been given in voir dire examination they would have been challenged for cause. Without conceding the fact that knowledge as to how this or the Tedrow case came out is sufficient grounds for a challenge for cause, it is noted that a real question of fact appears as to just what was said by the parties involved in both the voir dire examination and during jury deliberation.

Mr. Rockwell testified that during the interrogation of said jurors they were asked "whether or not they knew anything *about the case which we were involved in*" (emphasis supplied); that the question was asked after a preliminary and summary statement as to what the case involved, and that he was confident McCoy was one of the jurors that indicated all he knew about the case was what he read in the paper, and that he knew there was a fire at that place; also that he asked Juror Warren the same question and received the same reply.

Juror Antomori testified that during the deliberation Jurors Warren and McCoy indicated they knew *how the Tedrow case turned out*. By the affidavit of Juror Wykoff it appears that after the third or fourth ballot Juror McCoy said he knew how "the other case came out." Juror Antomori said that after "we had taken our third or fourth ballot, Miss Warren said 'This is going to come out like the Tedrow case', and" when asked how it came out, "she said 'Well I can't tell you.' Then Mr.

McCoy spoke up and said, 'I know how the case came out. Last time, it came out for the defendant.' "

The trial court did not attach to these statements the significance contended for by plaintiff. It concluded such conversations, if they did not inhere in the verdict, were "inconsequential", and stated "there is no evidence of any false swearing on voir dire examination." That finding, we think, has substantial support.

Under such facts and circumstances the rule we announced in the recent case of Hackaday v. Brackelsburg, 248 Iowa 1346, 1352, 85 N.W.2d 514, 517, is applicable. We said there: "Where the facts on which a claim of misconduct is based are in dispute we will not interfere with the trial court's determination of the matter if supported by substantial evidence. *Such determination has about the same force as a jury verdict.*" (Emphasis supplied.) As to the extent of the trial court's discretion in such motions for a new trial, also see our announcements in Mongar v. Barnard, 248 Iowa 899, 909, 82 N.W.2d 765, 772, and Hicks v. Goodman, 248 Iowa 1184, 1195, 85 N.W.2d 6. We conclude there was no abuse of the trial court's discretion in refusing to grant a new trial upon these grounds.

III. We also find no merit in plaintiff's contention that the statements allegedly made in the jury room as above set out, being outside the record, were prejudicial to plaintiff's case. Hackaday v. Brackelsburg, Mongar v. Barnard and Hicks v. Goodman, all supra. Such statements were inconsequential, were not calculated to affect the jury's verdict, and amounted to no more than usual jury-room conversation. It does not appear that the determination of prior cases was ever urged as a basis of the verdict, or that the matter was even mentioned again. Actual occurrence in the jury room may be shown on a claim of misconduct, but of course testimony as to how the alleged misconduct influenced the opinions of the jurors, or as to what weight was or was not given to particular evidence, is not proper. Such matters inhere in the verdict and may not be considered in such a motion. Long v. Gilchrist, 251 Iowa 1294, 1299, 105 N.W.2d 82, 85; Wilson v. Iowa State Highway

Commission, 249 Iowa 994, 1000, 90 N.W.2d 161; Hackaday v. Brackelsburg, supra, 248 Iowa 1346, 1350, 85 N.W.2d 514.

■ It is true that improper statements or conduct on the part of the jury may be shown by affidavit when such conduct appears to have been calculated to, and it is reasonably probable did, influence the verdict, before a new trial will be granted. Krieg v. Grant, 248 Iowa 396, 405, 80 N.W.2d 724; Bashford v. Slater, 250 Iowa 857, 867, 96 N.W.2d 904; Mongar v. Barnard, supra, 248 Iowa 899, 908, 82 N.W.2d 765; Hackaday v. Brackelsburg, supra. No substantial evidence appears herein to support that contention.

■ Statements made by Jurors Warren and McCoy did not tend to contradict or confirm any evidence introduced in this case. Knowledge of how a similar case came out in a former trial is not per se disqualifying. We do not understand such disclosed knowledge was used to influence the verdict herein, and we must also conclude there was no error in rejecting plaintiff's contention of jury misconduct on that ground. Snakenberg v. Minneapolis & St. L. Ry. Co., 194 Iowa 215, 220, 188 N.W. 935; Schoonover v. Fleming, 239 Iowa 539, 546, 32 N.W.2d 99.

■ IV. Turning now to plaintiff's fifth proposition in which he claims prejudicial error due to the failure of the court bailiff to refer to the court a juror's request that the reporter be called to read certain portions of the testimony to them, we again find uncertainty as to the actual request and the propriety thereof.

Juror Antomori testified: "During the deliberation of the case, there was some discussion and evident confusion as to whether or not the Fire Marshal had made an inspection of this building and that is why we asked for the transcript. * * * We asked him for the transcript—and he said we couldn't have it and that was all that was said, so we just dropped it at that."

Juror Wykoff, in an affidavit, stated that "during the deliberation of this case, the bailiff was asked to have the court reporter bring the transcript to the jury room so that the testimony of a certain witness could be clarified and said request was refused."

Clearly, if such was the request to the bailiff, it would

have been error for the bailiff to have granted it. Fleming v. Shenandoah, 67 Iowa 505, 25 N.W. 752, 56 Am. Rep. 354; R. C. P. 199(b). Rule 199(b) provides in part: "On final submission, the jury shall retire for deliberation, and be kept together in charge of an officer until they agree on a verdict or are discharged by the court. Such officer must not suffer any communication to be made to them, nor make any himself, except to ask them if they have agreed on a verdict, unless by order of court; * * *."

The bailiff was called as a witness by the plaintiff and stated: "As I remember it, they asked me if I could have the court reporter read them somebody's testimony, and I don't know who or what it was that they wanted." He stated he did not advise the Judge of the request and did not call counsel or the reporter. He admitted he might have told the jury, "you can't have it" (the transcript), but said he usually did not say that. He said he did not advise the Judge because he "knew it couldn't be done."

The Judge stated for the record that he had "always told Mr. Smith [the bailiff] for the protection of Mr. Smith that that couldn't happen." In other words, he felt he could not allow, on the request of a juror, the use of the transcript, or himself permit the court reporter to reread parts of the testimony to the jury other than in open court. This seems to be correct. R. C. P. 199(b). It was then the trial court's conclusion "* * * that the bailiff followed the court precedent * * * in this judicial district in not making a specific reference to said request to the presiding Judge", but it also said, by way of dictum of course, that due to other duties being performed, "if said request had been passed on to this court * * * said request would have been refused by the court", and that only in case of an extremely long period of deliberation would such a request have been considered. While we do not unconditionally approve such a rule, under these circumstances such a deferment may have been reasonable and proper.

Although the question is not really before us here, we may observe that a reasonable and specific request by the jury directed to the court to have a portion of the testimony read

to it after it has started its deliberation is permissible and proper. State v. Perkins, 143 Iowa 55, 120 N.W. 62, 21 L. R. A., N. S., 931, 20 Ann. Cas. 1217. There is considerable discretion vested in the trial court as to what is reasonable and proper and, unless it clearly appears that such discretion was abused, its decision will not be disturbed by this court. State v. Strable, 228 Iowa 886, 293 N.W. 441; Mongar v. Barnard, supra, 248 Iowa 899, 910, 82 N.W.2d 765; 89 C. J. S., Trial, section 480; 53 Am. Jur., Trial, section 939; Annotation, 50 A. L. R.2d 176, 178.

It is true, as suggested by plaintiff, some jurisdictions, acting under the minority rule, have held that a clear refusal by the trial court of a jury's request for a rereading of certain testimony to them constitutes reversible error. Halada v. Venice Lake Park, Inc., 132 Cal. App.2d 788, 283 P.2d 42; Annotation, 50 A. L. R.2d 176, 190. However, the majority rule which we follow leaves the matter to the sound discretion of the trial court, and we will reverse only on a clear showing of abuse. Annotation, 50 A. L. R.2d 176, 181.

 V. Certainly no discretion is vested in the court bailiff, and if the jury clearly and specifically asks that the court be informed of its request, that request *must* be communicated to the court. Failure to do so may under certain circumstances constitute error. However, such misconduct of the officer should be quite clear before the error is found to be prejudicial and becomes a mandatory basis for a new trial. It does not so appear in the case at bar.

 We note that the bailiff's refusal to call the reporter did not appear to greatly disturb the jury. At least, no further requests were made to the bailiff or the court, and the matter was evidently resolved by the jury itself. Misconduct of a bailiff, unless it is shown to have some prejudicial influence in bringing about results that are unfavorable, or such as can be reasonably inferred, we have said, is not a basis for a new trial. Brossard v. Chicago, M. & St. P. Ry. Co., 167 Iowa 703, 725, 149 N.W. 915. The trial court found no basis of prejudice in the bailiff's acts herein, and although we do not advocate the practice of permitting a court bailiff to pass on a jury's request

for clarification of certain testimony, we do agree that here no prejudice or at least no such prejudice is shown as would justify the granting of a new trial as a matter of law.

VI. We have carefully gone over the five grounds claimed as the basis of plaintiff's right to a new trial. None standing alone is sufficient.

As we have pointed out in matters relating to the general or over-all complaint, the trial court's discretion is and should be greater than ours. It heard the testimony of all the witnesses in the trial and in the hearing on the motion, and had an opportunity to observe their demeanor and frankness, or lack of it. Only as to bare affidavits are we in as favorable a position to weigh evidence of misconduct. Then it is only when the evidence presented to us clearly shows the trial court has abused its discretion that we will interfere. "No legal principle is better established, nor has been more consistently followed, throughout more than 100 years of judicial history of Iowa." Krieg v. Grant, supra, 248 Iowa 396, 404, 80 N.W.2d 724, 728.

We find from an examination of the whole record that plaintiff's case was ably and fairly presented, as was the defendant's. From the evidence submitted, the jury could but was not compelled to reach a verdict for the plaintiff. It performed its duty. There was ample evidence to sustain the verdict and, as no compelling evidence of misconduct appears, we can find no substantial grounds which would justify a finding of abuse of discretion by the trial court in its ruling denying a new trial herein. Therefore, the ruling of the trial court must be affirmed.—Affirmed.

All JUSTICES concur except BLISS, J., who takes no part.