STATE of Iowa, Appellee,

v.

Edward MONACO, Appellant.

No. 56937.

Supreme Court of Iowa.

June 25, 1975.

Philip F. Miller, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins and Fred M. Haskins, Asst. Attys. Gen., Ray A. Fenton, County Atty., and Joseph Beck, Asst. County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP, and REYNOLDSON, JJ.

RAWLINGS, Justice.

By a three count information defendant, Edward Monaco, was charged with two counts of delivering a controlled substance and one count of possessing a controlled substance with intent to deliver same in violation of The Code 1973, Section 204.-401(1).

Subsequently, defendant entered a guilty plea to Count I of said information, i. e., delivery of a controlled substance August 20, 1973. On his appeal from judgment attendantly entered we affirm.

Defendant requested an accommodation hearing which commenced November 5, 1973. Trial court reserved ruling thereon until November 30, 1973. On that date,

before entry of adjudication, defendant requested a deferred judgment or suspended sentence (probation) even if the court should find he had effected a non-accommodation delivery. In support thereof defendant contended the 1973 Session of the Sixty-Fifth General Assembly, Chapter 295, Section 1 (The Code 1975, Section 789A.1), precluding probation in connection with the above stated offense, denied him equal protection of the laws guaranteed by the Fifth Amendment and imposed cruel and unusual punishment in violation of the Eighth Amendment.

Trial court subsequently held defendant failed to prove an accommodation delivery. His constitutionally-based objections to Code § 789A.1 were overruled and his application for probation was denied. Judgment was accordingly entered.

In support of a reversal defendant contends trial court erred in (1) overruling his constitutionally-based objections to Code § 789A.1 and denying his application for probation; (2) permitting the State to elicit testimony from witnesses at the accommodation hearing regarding defendant's possession and sales of controlled substances subsequent in time and unrelated to the instantly involved August 20, 1973 offense; (3) finding delivery of the controlled substance to which defendant pled guilty was not an accommodation delivery. These assignments will be considered in the order presented.

■ I. Defendant's first contention, *supra*, regarding denial of probation must be resolved adverse to him under our holding in State v. Hall, 227 N.W.2d 192, 194–195 (Iowa 1975). This means defendant's first assigned error is without merit.

II. In course of the above noted accommodation hearing the county attorney was permitted, over defense counsel's repeated objections, to elicit testimony regarding Code § 204.401(1) violations purportedly committed by defendant *after* commission of the aforesaid August 20, 1973 offense.

In this vein the record discloses these questions asked by the prosecutor and defendant's answers thereto:

"Q. Now Mr. Monaco, on the 23rd day of August, 1973, did you not again meet with Officer Fisher and at that time sell him some marijuana? A. I refuse to answer on the grounds that it may tend to incriminate me * * *.

"Q. And on August 23rd, Mr. Monaco, when you sold to Officer Fisher that was for $20.00, was it not? A. I refuse to answer on the grounds it may tend to incriminate me * * *.

"Q. At that time you had several lids of marijuana did you not, Mr. Monaco, in your possession? A. At what time?

"Q. August 23rd. A. I refuse to answer on the grounds it may tend to incriminate me * * *."

The State also called two witnesses who testified as to Code § 204.401(1) violations allegedly committed by defendant after August 20, 1973.

In relevant part § 204.410 says:

"Any person who enters a plea of guilty to * * * a violation of section 204.401, subsections 1 or 2, may move for and the court shall grant a further hearing at which evidence may be presented by the person, and by the prosecution * * *, *relating to the nature of the act or acts on the basis of which the person has been convicted.* If the convicted person establishes * * * he delivered * * * a controlled substance only as an accommodation to another individual and not with intent to profit thereby nor to induce the recipient * * * of the controlled * * * substance to become addicted to or dependent upon the substance, the court shall sentence the person as if he had been convicted of a violation of section 204.401, subsection 3." (emphasis supplied).

As best determinable defendant maintains the italicized portion of the above enactment prohibits introduction of testimony by the State regarding offenses

claimed to have been committed by defendant subsequent in time to the offense or offenses directly involved. It is resultantly argued defendant was denied a fair accommodation hearing because of prejudice attendant upon his repeated invocation of the Fifth Amendment.

This court has never heretofore been called upon to resolve the above contention nor is it necessary to now do so. The record before us reveals trial court, in resolving the accommodation issue, stated in material part:

"During the course of the accommodation hearing there was evidence of sales by the defendant both prior to and after August 20, 1973, and evidence gathered from a search of the defendant's house. Furthermore, it should be noted that the defendant answered approximately 13 questions by invoking the Fifth Amendment to the United States Constitution. *The Court, in reaching its decision in this matter, focused solely on the facts surrounding the sale on August 20, 1973, and did not consider these collateral issues.* The Court does not decide whether such consideration would be proper in an accommodation hearing." (emphasis supplied).

 At the outset we have held that where a cause is tried absent a jury and the court, in making findings of fact, specifically discards certain testimony, no error ordinarily attends the admission thereof in evidence. See In Interest of Osborn, 220 N.W.2d 632, 634 (Iowa 1974); Bellew v. Iowa State Highway Commission, 171 N.W.2d 284, 291 (Iowa 1969). See also State v. Waterman, 217 N.W.2d 621, 623 (Iowa 1974).

Defendant's second assigned error is without substance.

III. Testimony in addition to that above set forth, adduced at the accommodation hearing, discloses Officer Howard Fisher was escorted to defendant's residence August 20, 1973, by two juveniles. Defendant

and these boys had apparently been friends for about six months. Fisher then purchased an ounce of marijuana from defendant at the "going price" of $15.

Defendant contends an accommodation sale was shown by clear and convincing evidence. In support thereof he alludes to his testimony that he had paid $20 for the marijuana delivered to Fisher for $15 and such delivery was effected as an accommodation to his two young friends. Although this testimony stood uncontradicted trial court was not obliged to accept it as a verity. See State v. Deanda, 218 N.W.2d 649, 652 (Iowa 1974); State v. Engeman, 217 N.W.2d 638, 639 (Iowa 1974); State v. McGranahan, 206 N.W.2d 88, 93 (Iowa 1973).

Our examination of the record reveals no basis upon which to hold trial court erred in finding there was a nonaccommodation sale by defendant to Officer Fisher.

Affirmed.