**STATE of Iowa, Appellee,**

v.

**Alfred John BAUMANN, Appellant.**

**No. 57437.**

Supreme Court of Iowa.

Dec. 17, 1975.

Comito, Roehrick & Vincent, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Earl W. Roberts, Asst. Atty. Gen., and Ray A. Fenton, County Atty., Des Moines, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and McCORMICK, JJ.

REES, Justice.

Defendant was charged by county attorney's information with two counts of the crime of delivery of a controlled substance and one count of possession thereof, all in violation of § 204.401, The Code, 1973. The information alleged defendant delivered marijuana on October 16, 1973, and made a further delivery on November 1 of that year. At the time of his arrest, he was allegedly in possession of a small quantity of hashish, for which he was also charged. Following a verdict of guilty on all three counts, he was sentenced to serve two concurrent terms of five years each on the delivery counts and a term of 180 days also to run concurrently on the possession count. Defendant now appeals. We affirm.

In September 1973, Tony DeBolt, a high school acquaintance of defendant, was acting as a paid informant for the Des Moines Police Department. He was directed to make contact with defendant and attempt to secure a purchase of narcotics from him. Defendant had been employed as an officer by the Polk County Sheriff's Department and also as a police officer by the City of Corning. The renewal of the acquaintanceship was initiated by DeBolt, and thereafter he and defendant met socially at frequent intervals and drank together in bars and smoked marijuana.

There was a conflict of testimony as to whether the marijuana which defendant was charged with having sold and possessed was acquired by defendant for his personal use and the use of DeBolt. Defendant insisted he had secured it, by agreement with DeBolt, for their personal use. DeBolt denied any such agreement existed.

Following the resumption of their social relationship, DeBolt introduced to Baumann a police officer for the City of Des Moines, one Loren Zimmerman. DeBolt identified Zimmerman as "Bill Staley," a recently discharged marine. Defendant had served in the Marine Corps and had distinguished himself during two tours of duty in Viet Nam. DeBolt told defendant Zimmerman was a good friend and needed some marijuana and asked defendant about the availability of marijuana for sale to Zimmerman on several occasions prior to the actual sale or delivery of the substance.

The first sale to Zimmerman by defendant occurred on October 26, 1973, at DeBolt's apartment. At that time Zimmerman feigned the smoking of some marijuana and intoxication in order to gain the confidence of defendant. Thereafter DeBolt and defendant met on several occasions and smoked marijuana together and arranged for a second sale of marijuana to Zimmerman. A second sale was accomplished on November 1, 1973.

Defendant testified at trial his will was overborne by DeBolt's repeated insistence that he make the sale of the marijuana and that DeBolt's protestations of friendship for both defendant and Zimmerman overcame his reluctance to sell and deliver the marijuana. Defendant claimed he was therefore entrapped.

Defendant states for review the following issues which he contends require reversal of his conviction and entitle him to a new trial:

(1) Trial court erred in overruling defendant's motion to dismiss, thereby holding that Iowa Code § 789A.1 is not a denial of due process or equal protection of the laws nor provides for a cruel and unusual punishment.

(2) Trial court erred in overruling defendant's motions for directed verdict, thereby holding that entrapment had not been established as a matter of law.

(3) The court erred in overruling defendant's motion for a directed verdict at the close of the evidence, thereby permitting the submission of the entrapment issue to the jury.

(4) Trial court erred in acting upon an interrogatory posed to the trial judge during jury deliberations without notice to, or the presence of, the defendant.

■ I. Defendant's motion to dismiss was made in advance of trial. In his motion defendant challenged § 789A.1, The Code, as arbitrary and capricious, not only in its application to the defendant but also on its face, and as imposing an excessive punishment for the crime of delivery of a controlled substance, to-wit: marijuana. His challenge to the statute was grounded upon its mandatory imprisonment provision which denied the trial court the power to grant probation.

Defendant's brief was filed July 22, 1975, and only shortly before, on June 25, this court filed its opinion in *State v. Monaco,* 230 N.W.2d 485, in which we addressed the same constitutional attack on § 789A.1 insofar as it relates to the delivery of marijuana. At page 486, in dealing summarily with the challenge now posed to the section by the defendant, we said:

"Defendant's first contention [that § 789A.1, The Code, violates equal protection and imposes a cruel and unusual punishment] *supra,* regarding denial of probation must be resolved adverse to him under our holding in *State v. Hall,* 227 N.W.2d 192, 194–195 (Iowa 1975). This means defendant's first assigned error is without merit."

*State v. Hall,* referred to above, involved the same Code provision as that in this case, but was applied to a charge of delivering cocaine.

Under our pronouncements in *Monaco* and *Hall, supra,* we deem it unnecessary to consider this issue further. There is no merit to defendant's contention in connection therewith.

II. In his second issue stated for review, defendant contends trial court erred in overruling his motion for directed verdict, holding thereby that entrapment had not been established as a matter of law. Defendant asserts the State failed to prove the absence of entrapment beyond a reasonable doubt.

We established the present standards for dealing with the defense of entrapment in *State v. Mullen,* 216 N.W.2d 375, 382 (Iowa 1974). We there adopted the so-called "objective test" which focuses on the actions of law enforcement agents rather than the predisposition of the defendant. Specifically, we applied the National Commissions Study Draft of a New Federal Criminal Code § 702 (1970):

"2. Entrapment Defined. Entrapment occurs when a law enforcement agent induces the commission of an offense, using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment."

■ Our clearly stated purpose in adopting the objective test was to curb improper law enforcement techniques. As we said at page 381 of 216 N.W.2d, "[T]he real concern [is] whether the police actions were so reprehensible under the circumstances that a conviction, as a matter of public policy, should not be tolerated."

Defendant contends the following facts were established at trial and demonstrate entrapment existed as a matter of law:

(1) Informant DeBolt, a high school acquaintance of defendant, initiated the contact with defendant for the intended purpose of re-establishing a past friendship in order to effectuate a purchase of marijuana.

(2) DeBolt frequently smoked marijuana with defendant.

(3) DeBolt initiated the contact between defendant and Zimmerman and was paid $400 for his efforts.

(4) DeBolt made the request to defendant to sell the marijuana to Zimmerman.

(5) DeBolt referred to Zimmerman's association with the Marine Corps in order to appeal to defendant's interests.

(6) Arrangements for the first sale were made by DeBolt and the sale was made at DeBolt's apartment.

(7) Officer Zimmerman feigned the smoking of marijuana and intoxication in order to gain the confidence of defendant.

(8) Defendant delivered to Zimmerman all the marijuana he possessed, and which marijuana he had purchased pursuant to an agreement with DeBolt that they would keep the same for their personal use.

(9) DeBolt repeatedly pleaded with defendant, on the basis of what defendant considered to be a personal friendship, to induce him to make the sale of the marijuana to Zimmerman.

Conversely, the State refers to evidence in the record which it claims raised a substantial factual dispute with respect to a number of the above factors defendant submits established entrapment as a matter of law.

Following the close of defendant's evidence, the State called DeBolt as a rebuttal witness who testified he never pleaded with defendant to make the sale in question, and further testified he had no arrangement with defendant whereby the latter was to purchase marijuana for the personal use of both. Zimmerman testified defendant offered to procure for him a pound of high-grade Colombian marijuana for $400, and further testified defendant himself initiated the discussion of a second sale by informing Zimmerman that if he wanted more marijuana he could contact DeBolt, who would in turn convey the request to defendant.

■ It is incumbent upon a trial court to determine the question of entrapment as a matter of law where there is no dispute as to the operative facts or the inferences to be drawn therefrom, but where the evidence is in dispute with relation to such facts or inferences, a court is required to submit the issue of entrapment to the jury. *State v. Mullen, supra,* 216 N.W.2d at 382.

■ Defendant further contends there was insufficient evidence to show beyond a reasonable doubt that he was not entrapped into the commission of the offense. He correctly admits that on appeal we must view the evidence in the light most favorable to the State and accept all reasonable inferences tending to support the verdict. *State v. Cruse,* 228 N.W.2d 28, 31 (Iowa 1975); *State v. House,* 223 N.W.2d 195, 196 (Iowa 1974); *State v. Bell,* 223 N.W.2d 181, 184 (Iowa 1974); *State v. Graham,* 221 N.W.2d 258, 259–260 (Iowa 1974). A trial court must submit a matter to the jury where there is reasonable evidence tending to support the charge or, where as here, evidence tends to show the absence of entrapment. Only evidence which would support the verdict need be considered. See *Cruse, House, Bell* and *Graham,* all *supra.*

■ In light of the foregoing the record indicates trial court was correct in overruling defendant's motion for a directed verdict. The evidence was sufficient to support a verdict of guilty and negate beyond a reasonable doubt any inference of entrapment. Clearly the evidence raised a dispute as to the operative facts bearing on the entrapment issue. The issue of entrapment was properly submitted to the jury for its determination. We perceive no error in this stated issue.

III. In his third issue stated for review, defendant asks us to re-examine our decision in *State v. Mullen, supra,* insofar as it makes entrapment a matter for jury determination when there exists a dispute in the evidence relating to the operative facts of the case or the inferences to be drawn therefrom. Defendant argues the trial court should be the sole arbiter of issues of fact and law relating to the entrapment issue.

We decline to depart from our pronouncements in *Mullen* and we assert our continued belief that, "the jury can weigh conduct which might induce 'a normally law-abiding person' to commit a crime as surely as it can weigh (in a tort case) the required conduct of a 'reasonably prudent person.'" *State v. Mullen, supra,* 216 N.W.2d at page 382.

IV. Defendant's last issue stated for review arises from the trial court's response to interrogatories submitted to it by the jury after the jury had begun its deliberations.

At trial, and following defendant's case in chief, the State called informant DeBolt as a rebuttal witness. The substance of his testimony generally concerned defendant's alleged willingness to sell marijuana to Officer Zimmerman. DeBolt denied he had agreed with defendant that the latter was to buy a quantity of marijuana for their personal use, and further denied he had pleaded with defendant based upon their friendship to sell the marijuana to Zimmerman.

Following cross-examination of DeBolt, defendant introduced in evidence a tape recording of a telephone conversation between him and DeBolt made one day after defendant's arrest and without DeBolt's knowledge. The substance of the recording, if believed by the jury, might have tended to impeach DeBolt's representations of defendant's willingness to sell the marijuana in question.

Earlier in the trial, the State had introduced a tape recording of a telephone conversation between defendant and Zimmerman, made without defendant's knowledge, and which dealt with arrangements by Zimmerman for the second purchase of marijuana.

Some time after the jury had begun its deliberations, the foreman submitted to the trial judge two interrogatories, one of which asked, "Is there any way we can hear the tapes again?" and the other, "May we have the tapes to hear in the jury room?" Acting without the presence of either counsel for the State or counsel for the defendant, trial court answered in writing "No" to each interrogatory. Defendant asserts the action of the trial court in refusing to make the tapes available to the jury constituted reversible error in two respects: (a) the court was obliged to give the tape recordings to the jury, and (b) in any event the court could not have acted as it did in responding to the interrogatories without the presence of, or after notice to, the prosecutor and defendant's counsel.

Defendant's argument in support of this issue is grounded on §§ 784.1 and 784.2, The Code. Section 784.1 provides:

"Papers taken by jury. Upon retiring for deliberation, the jury may take with it all papers which have been received in evidence, except depositions, and copies of such parts of public records or private documents as ought not, in the opinion of the court, to be taken from the person having them in possession, also any notes of the testimony or other proceedings taken in the trial by themselves or any of them."

Section 784.2 provides:

"Report for information. After the jury has retired for deliberation, if there be an disagreement as to any part of the testimony, or if it desires to be informed on any point of law arising in the cause, it must require the officer to conduct it into court, and, upon its being brought in, the information required must be given as provided by law, in the presence of or

after oral notice to the county attorney and defendant's counsel."

We also note rule 198, Rules of Civil Procedure, provides:

"*What jury may take.* When retiring to deliberate, the jury shall take with them all exhibits in evidence except as otherwise ordered. Depositions shall not be so taken unless all the evidence is in writing and none has been stricken out."

 We first consider defendant's contention § 784.2 mandated that the jury be allowed to hear the tape recordings during its deliberations, and left no discretion with the trial court to refuse the request of the jury. We believe trial court possessed considerable discretion to either grant or deny the jury's request. Section 784.1, The Code, and rule 198, R.C.P., generally exclude depositions from the materials which the jury may take with it in its deliberations. In this we perceive an intent to exclude from the jury room evidence of a type which might be overemphasized to the exclusion of other evidence adduced at trial. A deposition, if constantly available for reference by the jury, could assume a disproportionate importance in relation to other trial testimony, for which the jurors were required to call upon their recollections only.

We note further that the submission of exhibits to the jury had been held to be a matter resting in the discretion of the trial court. *Heth v. Iowa City,* 206 N.W.2d 299, 303 (Iowa 1973) and citations. We also note, without critical comment, this court's statements in *Hutchinson v. Fort Des Moines Community Serv., Inc.,* 252 Iowa 536, 545–546, 107 N.W.2d 567, 573. At the time of the rendition of the *Hutchinson* opinion, § 784.2 was codified in its present form. In *Hutchinson* this court, admittedly by way of dictum, and with no reference to the above section, stated:

"[W]e may observe that a reasonable and specific request by the jury directed to the court to have a portion of the testimony read to it after it has started its deliberation, is permissible and proper.

* * * There is considerable discretion vested in the trial court as to what is reasonable and proper and, unless it clearly appears that such discretion was abused, its decision will not be disturbed by this court."

We hold trial court did not abuse its discretion in this case in denying the request of the jury to hear the tapes. In so holding, we do not intend to say that tape recordings of conversations may never be taken to a jury room and played by a jury during its deliberations. See *State v. Triplett,* 248 Iowa 339, 79 N.W.2d 391. Neither do we comment on whether a court has discretion under § 784.2 to deny the request of a jury to have the sworn testimony of a witness at trial read to it during its deliberations.

Finally, we consider defendant's assertion § 784.2 required trial court to notify the county attorney and defendant's counsel before disposing of the jury's request to hear the tapes. We interpret § 784.2 as requiring the presence of, or notice to, the county attorney and defendant's counsel only where "information * * * [is] * * * given as provided by law." No such information was given here.

We find no reversible error in this case, and affirm the trial court.

Affirmed.