**IN THE COURT OF APPEALS OF IOWA**

No. 14-0480
Filed March 25, 2015

**BRYAN GRAVETT,**
        Plaintiff-Appellee,

**vs.**

**ALAN GRAVETT,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Davis County, Myron L. Gookin,

Judge.


A defendant appeals the district court decision finding he breached an oral

contract to purchase hay from the plaintiff.  **AFFIRMED.**


Bret R. Larson of Osborn, Milani, Mitchell & Goedken, L.L.P., Ottumwa, for

appellant.

Lynnette J. Van Wyngarden of Curran Law Office, Ottumwa, for appellee.


Considered by Vogel, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, S.J.**

Defendant Alan Gravett appeals the district court decision finding he breached an oral contract to purchase hay from Bryan Gravett. Alan has not shown he was prejudiced by the court's ruling prohibiting him from presenting evidence of Bryan's alcohol use. He did not preserve error on his claim based on the statute of frauds. We affirm the decision of the district court.

## I. Background Facts & Proceedings

Bryan and Alan are brothers who farm separate parcels of land in Davis County, Iowa. Bryan filed a petition at law on May 10, 2012, requesting judgment against Alan for $13,000 based on a claim of a breach of an oral contract.

A trial in the matter was held on February 11, 2014. Bryan testified that in 2011 Alan orally agreed to purchase 400 bales of hay at sixty-five dollars per bale. He stated that while Alan paid him $13,000 for 200 bales, he never paid him for the remaining 200 bales of hay, which Bryan had delivered to Alan's farm.[1] Bryan asserted Alan owed him $13,000 under the parties' oral contract. Peter Roers, who was Alan's farm manager at the time, testified Alan told him he agreed to purchase 400 bales of hay from Bryan.

Alan testified he agreed to purchase 200 bales of hay from Bryan, which he paid for. Alan stated he told Bryan he also wanted "first dibs" on purchasing an additional 200 bales of hay in the future. Alan testified he never told Bryan he wanted the additional 200 bales. By the time of trial the cattle of David Boas, who was leasing some of the land, had eaten much of the additional 200 bales.

---

[1] Alan's farmland is in the name of his wife, Donna Gravett. The district court determined the property should be treated as if it belonged to Alan and that finding has not been appealed.

The district court entered a ruling on February 20, 2014, finding the parties had entered into a contract for the sale of 400 bales of hay at sixty-five dollars per bale. The court determined Bryan's testimony on the matter was more credible than Alan's testimony. The court found Alan breached the contract by refusing to pay for 200 bales of hay. Bryan was awarded damages of $13,000, plus interest. Alan appeals the decision of the district court.

## II.     Standard of Review

This action was tried at law and our review is for the correction of errors at law. Iowa R. App. P. 6.907. Our review of the court's evidentiary rulings is for an abuse of discretion. *Giza v. BNSF Ry. Co.*, 843 N.W.2d 713, 718 (Iowa 2014). "A court abuses its discretion when its ruling is based on grounds that are unreasonable or untenable." *Id.*

## III.    Evidentiary Ruling

Alan claims the district court abused its discretion by ruling he could not present evidence Bryan was an alcoholic. Alan asserted this evidence was relevant to show Bryan's memory of the oral contract was impaired by intoxication.[2]

Roers was asked during cross-examination, "At the time that this dispute over the hay arose, what did you relate to Alan about Bryan's alcoholism?" The court sustained Bryan's objection so Roers never answered the question. Iowa

---

[2] On appeal, Alan also claims that due to intoxication, Bryan may not have had sufficient mental capacity to enter into a contract. The issue of Bryan's capacity to enter into a contract was never raised before the district court. We conclude the issue has not been preserved for our review. *See Staff Mgmt. v. Jimenez*, 839 N.W.2d 640, 647 (Iowa 2013) ("Normally, for an issue to be preserved, a party must present it and have it ruled upon before a court will review the issue on appeal").

Rule of Evidence 5.103(a)(2) provides that when the district court excludes evidence, error is preserved when "the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." *Brooks v. Holtz*, 661 N.W.2d 526, 529 (Iowa 2003). Because no offer of proof was made it is unknown how Roers would have answered the question. As to Roers's testimony, Alan has not preserved error. *See In re Marriage of Wersinger*, 577 N.W.2d 866, 868 (Iowa Ct. App. 1998) ("[W]ithout an offer of proof, there is nothing for us to review.").

While answering an unrelated question, Alan testified, "Frankly, my brother had such difficulties at that time emotionally because he was drunk all the time." Bryan's counsel objected on the ground of relevance. Alan's counsel stated the evidence was relevant to the issue of Bryan's memory. The court sustained the objection, ruling "the testimony about alcoholism is irrelevant to the issues here." The substance of what Alan sought to testify about, that Bryan was "drunk all the time," was apparent from his statement before the court sustained Bryan's objection.[3] *See Brooks*, 661 N.W.2d at 529 (noting that unless the court would not have to speculate on the evidence sought to be introduced, an offer of proof is necessary). We note, however, no evidence was presented through an offer of proof to show that Bryan's alleged alcohol use affected his memory in any way.

---

[3] We note Alan's brief made no citation to the appendix or the trial court record to assist in determining where an offer of proof may be found. *See* Iowa R. App. P. 6.903(2)(g)(1) (providing a party's brief should include a "statement addressing how the issue was preserved for appellate review, with references to the places in the record where the issue was raised and decided"). Bryan's brief as well made no citation to the appendix or the trial court record on the issue of error preservation. *See id.* It is not the responsibility of the appellate court to comb the record to find support for an issue. *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996).

Additionally, Alan has not shown he was prejudiced by the court's ruling. *See* Iowa R. Evid. 5.103(a) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected."). Bryan's memory of the terms of the oral contract was supported by the testimony of Roers. Roers testified, "Alan had come back from talking to Bryan. Said that he had purchased 400 bales of hay from Bryan." This testimony supports a finding that shortly after entering into the contract with Bryan, Alan told Roers, his farm manager, he had purchased 400 bales of hay. We will not reverse the district court unless an evidentiary ruling results in prejudice. *See Naumann v. Iowa Prop. Assessment Appeal Bd.*, 791 N.W.2d 258, 264 (Iowa 2010).

## IV. Statute of Frauds

Alan claims the oral contract was not enforceable based upon the statute of frauds found in Iowa Code section 554.2201(1) (2011), which applies to a contract for the sale of goods for $500 or more. A party asserting a contract is invalid based on the statute of frauds must raise the issue at trial. *Duck Creek Tire Serv., Inc. v. Goodyear Corners, L.C.*, 796 N.W.2d 886, 895 (Iowa 2011). This issue was neither raised before the district court nor considered by the court, and we conclude it has not been preserved for our review. *See Bank of America, N.A. v. Schulte*, 843 N.W.2d 876, 883 (Iowa 2014) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.")

We affirm the decision of the district court.

**AFFIRMED.**