# IN THE COURT OF APPEALS OF IOWA

No. 20-1210
Filed July 21, 2021

TAMAIYSHA TURNER,
    Petitioner-Appellant,

vs.

CCRC OF CEDAR RAPIDS, LLC, d/b/a TERRACE GLEN VILLAGE, LLC, and
UNITED WISCONSIN INSURANCE COMPANY,
    Respondents-Appellees.
_____


    Appeal from the Iowa District Court for Linn County, Sean W. McPartland,

Judge.


    Tamaiysha Turner appeals the denial of her application for contempt.

**AFFIRMED.**


    Dennis Currell of Currell Law Firm, Cedar Rapids, for appellant.

    Laura Ostrander, Lansing, Michigan, for appellees.


    Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

Tamaiysha Turner obtained an administrative order for alternate medical care in her workers' compensation proceeding against CCRC of Cedar Rapids, LLC, d/b/a Terrace Glen Village, LLC, and its insurer, United Wisconsin Insurance Co. (collectively, CCRC). Upon Turner's application, the district court later entered this administrative order as a court judgment in January 2020 pursuant to Iowa Code section 86.42 (2020).

About three weeks later, Turner filed an application seeking to hold CCRC in contempt, alleging CCRC refused to authorize her prescription medication in violation of the earlier order and judgment for medical care.[1] After a hearing, the court rejected Turner's application. The court found testimony from CCRC's witness, Turner's claim representative, "that the mistake was unintentional, and the fact that the mistake was corrected promptly, belies any notion that the mistake reflected contempt of the Court's prior order." The court also rejected Turner's post-trial motion to reconsider, enlarge, and amend. Turner appeals.

First, Turner claims the district court erred by naming the wrong employer in its order denying her contempt application. Turner filed her application for contempt naming "CCRC of Cedar Rapids, LLC, d/b/a Terrace Glen Village" as the employer—the same employer named in the district court's order entering the

---

[1] The record shows Turner submitted a prescription to her pharmacist on Wednesday, but it was not filled because it was not authorized. Turner resubmitted the prescription two days later, on Friday, and it was rejected again for not being authorized. Turner filed her contempt application that same day. The following Monday morning, the employer's claim representative handling Turner's claim took the steps to authorize the filling of the prescription and Turner was able to fill it that same day. CCRC asserts the delay was a result of a mistake. Turner asserts it was intentional failure to follow the court's alternate medical care order.

workers' compensation commissioner's alternate medical care decision as a district court judgment. Throughout the proceeding before the district court, including the action to enter the judgment and the contempt proceedings, the attorney representing CCRC identified the employer as "CCRC of Grimes, LLC, d/b/a Kennybrook Village."[2] Presumably relying on CCRC's filings, the court named the employer "CCRC of Grimes, LLC, d/b/a Kennybrook Village" in its ruling rejecting Turner's contempt application, including changing the original caption of the case in doing so.[3]

As to the name problem, although CCRC never sought to substitute parties or otherwise claim Turner named the wrong employer in her contempt application, there was no apparent attempt to mislead anyone. At the hearing, the district court confirmed that defense counsel represented "the defendant/employer CCRC of Cedar Rapids, LLC, d/b/a Terrace Glen Village." CCRC fully defended the substance of Turner's allegations, including presenting testimony from the claim

---

[2] In a filing responding to a motion on appeal, the employer explained the confusion over the name comes from the fact that the workers' compensation insurance policy at issue names "CCRC of Grimes, LLC, d/b/a Kennybrook Village," as the primary insured, with "CCRC of Cedar Rapids, LLC, d/b/a Terrace Glen Village," named as an additional insured. In spite of any misstatement or confusion of which CCRC entity was involved in the proceedings, counsel for CCRC asserts that, at all times, she has been defending CCRC of Cedar Rapids, LLC, d/b/a Terrace Glen Village, with regard to Turner's claims before the workers' compensation commissioner, this district court proceeding, and other district court proceedings not involved in this appeal.

[3] The caption of the district court's ruling denying Turner's contempt application lists the employer as "CCRC of Grimes, LLC, d/b/a Kennybrook Village," the insurer as "United Wisconsin Insurance Co.," and the respondent as "Leia Lynn Gifford." No explanation has been provided by the court or the parties where the name Leia Lynn Gifford came from or how it applies to this case. On appeal, CCRC does not challenge Turner's claim that the employer's name is properly CCRC of Cedar Rapids LLC, d/b/a Terrace Glen Village.

representative for Turner's worker's compensation claim. We also note Turner never sought to clarify any discrepancies in the employer's name on the record during the contempt hearing before the district court.

The nature of Turner's claimed error is unclear. Turner seems to assert that, due to the name issue, the proper CCRC entity did not appear at or defend the contempt action, so contempt should have been entered by default. A party that fails to file an answer may be subject to a default judgment, but Turner never requested a default judgment against CCRC by claiming the employer failed to file an answer or on any other basis. *See* Iowa Rs. Civ. P. 1.971–.977. Turner seems to argue her belief the employer did not appear in this action requires the court to enter judgment in her favor, but she provides no authority to support her claim. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). Furthermore, any error arising from the employer's identity is not preserved for our review because Turner did not question the employer's identity until her post-trial ruling. *See Mitchell v. Cedar Rapids Cmty. Sch. Dist.,* 832 N.W.2d 689, 695 (Iowa 2013) ("It is well-settled that a party fails to preserve error on new arguments or theories raised for the first time in a [post-trial] motion."). Turner asserts she could not raise the employer's identity as an issue until the court's ruling named "CCRC of Grimes, LLC, d/b/a Kennybrook Village" as the employer, but CCRC has consistently listed "CCRC of Grimes, LLC, d/b/a Kennybrook Village" as the employer on its filings, making the employer's identity a potential issue throughout the proceeding. We find no reversible error relating to the identity of the employer.

Second, Turner claims the district court violated her right to due process by entering judgment for an employer she did not name in her petition. Again, Turner provides no authority to support her due process claim. She also failed to preserve error on her due process claim because she never raised a due process claim before the district court, including in her post-trial motion. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Third, Turner argues the district court applied the wrong standard in its contempt analysis. Turner quotes *Amro v. Iowa District Court* for the standard in claims of contempt:

> Contempt is sufficiently shown if some of the default was willful. In this context, a finding of willful disobedience requires evidence of conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not.

429 N.W.2d 135, 140 (Iowa 1988) (citations and internal quotation marks omitted). Turner asserts the district court only examined CCRC's intent and did not consider whether CCRC acted "contrary to a known duty" or with "unconcern whether the contemner had the right or not." *Id*. However, the court explicitly rejected Turner's argument that the record showed CCRC's conduct "was 'intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemnor had the right or not.'" (Quoting *In re Marriage of Jacobo*, 526 N.W.2d

859, 866 (Iowa 1995).) Our review of the court's ruling shows it applied the proper standard in rejecting Turner's application, and we find no error in its analysis.[4]

Fourth, Turner argues the district court should have admitted several of her proposed exhibits. The court rejected these proposed exhibits after Turner acknowledged they "all pertain to different treatment separate from the denial of this particular" prescription. Nevertheless, Turner asserts the exhibits should be admitted as character evidence showing CCRC's wrongful pattern of denying her treatment.[5] *See* Iowa R. Evid. 5.404(b)(2) (stating evidence of prior bad acts is

---

[4] To the extent Turner challenges the district court declining to hold CCRC in contempt, we find no abuse of discretion in its ultimate conclusion. *See In re Marriage of Swan*, 526 N.W.2d 320, 327 (Iowa 1995) (reviewing a decision to not hold a party in contempt and finding "the trial court here had broad discretion and 'unless this discretion is grossly abused, the [trial court's] decision must stand'" (alteration in original) (quoting *State v. Lipcamon*, 483 N.W.2d 605, 607 (Iowa 1992)).

[5] It does not appear Turner preserved error on this claim. The district court's ruling excluded evidence. Ordinarily, to preserve error on a claim that evidence was improperly excluded, the party claiming error must make an offer of proof to give the district court a more adequate basis for its evidentiary ruling and to make a meaningful record for appellate review. *See Brooks v. Holtz*, 661 N.W.2d 526, 529 (Iowa 2003). Turner did not make an offer of proof and the exhibits at issue are not part of our record, so we are unable to review them. Ordinarily, this would preclude review of this issue, as it is Turner's burden to provide the necessary record to address the issues she raises. *See Jones v. Glenwood Golf Corp.*, 956 N.W.2d 138, 143 n.1 (Iowa 2021) ("It is the appellant's burden to provide the record supporting its legal argument."). However, the choice of words by the district court may have contributed to confusion on this issue. After sustaining the objection to the exhibits, the district court noted the exhibits were uploaded electronically as proposed exhibits. While noting they would not be received, the court stated "they're a part of the record." In stating the exhibits were "part of the record," it is possible the district court only meant they were available for the court's viewing, but it is also possible the statement misled Turner into believing the exhibits were part of the record for appeal, when, in fact, they were not. Due to this confusion and the fact the record gives us some indication of the content of the exhibits, we will bypass the error-preservation issue. *See Brooks*, 661 N.W.2d at 529 (noting an offer of proof is not required when the substance of the evidence was apparent from the context).

admissible for purposes such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). In order to be admissible, evidence of prior bad acts must be "relevant to a legitimate, disputed factual issue." *State v. Putman*, 848 N.W.2d 1, 9 (Iowa 2014). The district court rejected the proposed exhibits because they did not relate to CCRC's alleged willfulness in denying "authorization for the payment of the prescription" at issue. We find no abuse of discretion in the court rejecting the proposed exhibits on the ground they were not relevant to determining whether the failure to authorize Turner's prescription constituted contempt of court by CCRC. *See id.* at 7 ("We review evidentiary rulings regarding the admission of prior bad acts for abuse of discretion.").

We find no reviewable claim of error preserved for appeal arising from the employer's identity, no error in the district court's analysis of Turner's contempt claim, and no abuse of discretion in the court declining to admit Turner's proposed exhibits. Therefore, we affirm.

**AFFIRMED.**