# IN THE COURT OF APPEALS OF IOWA

---

No. 25-0118
Filed April 1, 2026

---

**State of Iowa,**
Plaintiff–Appellee,

v.

**Benjamin Richard Gibson,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Webster County,
The Honorable Adria Kester, Judge.

---

**AFFIRMED**

---

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant
Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney
General, attorneys for appellee.

---

Considered without oral argument
by Schumacher, P.J., Chicchelly, J., and Mullins, S.J.
Opinion by Schumacher, P.J.

**SCHUMACHER, Presiding Judge.**

Benjamin Gibson appeals his conviction following a jury trial for second-degree sexual abuse, asserting (1) insufficient evidence supported the conviction; (2) the district court abused its discretion in excluding evidence of prior inconsistent statements by the victim; and (3) the district court erred by overruling hearsay objections to witness testimony concerning the victim's age. Upon our review, we affirm.

## I.       Background Facts & Proceedings.

Fort Dodge law enforcement received a tip that thirteen-year-old D.C., a run-away from Knoxville, could possibly be staying in Fort Dodge. Two officers travelled to the address where it was suspected D.C. could be located and found her in bed with Gibson, who was twenty-two years old. Both Gibson and D.C. were clothed, but D.C. did not have on any underwear. The officers asked Gibson what he was doing in bed with a thirteen-year-old, and Gibson replied repeatedly that he was unaware of D.C.'s age. D.C. later testified that she could not remember everything that occurred that night.

After law enforcement removed D.C. from the residence, they arranged for D.C.'s mother to retrieve her from Fort Dodge. D.C.'s mother then transported D.C. to Des Moines to undergo a sexual assault examination. D.C. reported to the examiner that she was sore in her lower abdomen and vagina. The examination showed a hymenal abrasion which could have been caused by intercourse. The examiner swabbed D.C.'s breasts, anus, and vagina for DNA testing. The tests revealed the presence

of Gibson's seminal DNA from the vagina swab and his epithelial DNA from the anus swab.[1]

Gibson was charged with second-degree sexual abuse. Just prior to the start of trial, Gibson indicated he planned to offer pages of Snapchat messages depicting conversations between D.C. and other men as well as conversations between D.C. and Gibson. Gibson's stated purpose of introducing these records was to show statements D.C. made to other men that she was either sixteen, seventeen, or eighteen years old. The district court denied his request to admit the Snapchat conversations, stating "[k]nowledge of the victim's age is not an element of this offense" but indicating Gibson could revisit this issue at trial. At trial, the court again denied Gibson's offer of the Snapchat messages. Despite the court denying the admission of the messages, the court permitted Gibson's counsel to question D.C. about her age but not about her prior inconsistent statements.

Following trial, Gibson was convicted as charged. He was sentenced to a twenty-five-year period of incarceration with a mandatory seventy percent minimum. Gibson now appeals his conviction.

## II. Analysis

### (A) Whether there was Sufficient Evidence to Support the Conviction.

"We review sufficiency-of-the-evidence claims for correction of errors at law and will uphold the jury's verdict if it is supported by substantial evidence." *State v. Kieffer*, 17 N.W.3d 651, 655 (Iowa 2025). Evidence is

---

[1] Seminal DNA indicates the presence of an individual's semen while epithelial DNA indicates the DNA was left by touching.

substantial if it "is sufficient to 'convince a rational fact finder the defendant is guilty beyond a reasonable doubt.'" *Id.* (citation omitted). When determining if evidence is substantial, "we view the evidence 'in the light most favorable to the State, including all reasonable inferences that may be drawn from the evidence.'" *Id.* (citation omitted). "Jury instructions, when not objected to, become the law of the case for purposes of appellate review for sufficiency-of-evidence claims." *State v. Schiebout*, 944 N.W.2d 666, 671 (Iowa 2020).

The jury was instructed the State had to prove the following elements of sexual abuse in the second degree: "1. On or about January 24, 2024, Benjamin Gibson performed a sex act with D.C." and "2. The Defendant performed the sex act while D.C. was under the age of 14 years." The jury was further instructed:

> "[S]ex act" means any sexual contact:
>
> > 1. By penetration of the penis into the vagina or anus.
> >
> > 2. Between the mouth of one person and the genitals of another.
> >
> > 3. Between the genitals of one person and the genitals or anus of another.
> >
> > 4. Between the finger or hand of one person and the genitals or anus of another person.
> >
> > 5. By a person's use of an artificial sex organ or a substitute for a sexual organ in contact with the genitals or anus of another.
> >
> > You may consider the type of contact and circumstances surrounding it in deciding whether the contact was sexual in nature.

Gibson argues that there was insufficient evidence that he engaged in a sex act with D.C., asserting the determination there was sexual contact was mere "speculation, suspicion, or conjecture." *See State v. Kern*, 831 N.W.2d

149, 158 (Iowa 2013) (citation omitted). Gibson points to D.C.'s statements to law enforcement where she denied having sexual contact and her later testimony that she could not remember the entire night she spent with him. He asserts that because of these statements, there is insufficient evidence to show how the abrasion of D.C.'s hymenal tissue occurred, or how his DNA was transferred to her.

Although D.C. did not confirm that sexual contact between her and Gibson happened, there is substantial evidence that such contact occurred. *See State v. Kelso-Christy*, 911 N.W.2d 663, 668 (Iowa 2018) ("Direct and circumstantial evidence are equally probative." (citation omitted)). Law enforcement found D.C. and Gibson in bed together. D.C. reported that her lower half was sore, she had white vaginal discharge, and it was found that she had an abrasion on her hymenal tissue. Gibson's seminal DNA was found from swabs of D.C.'s vagina, and his epithelial DNA was found from swabs of her anus. This evidence was substantial and thus sufficient to establish the conviction of second-degree sexual abuse as per the jury instructions (stating a "'sex act' means any sexual contact . . . [b]y penetration of the penis into the vagina or anus . . . [or] [b]etween the finger or hand of one person and the genitals or anus of another person"). There was sufficient evidence to convince the jury that Gibson is guilty beyond a reasonable doubt. *See Kieffer*, 17 N.W.3d at 655.

**(B)** **Whether the District Court Erred in Excluding D.C.'s Prior Communications Regarding Her Age.**

We review the district court's evidentiary rulings "for abuse of discretion." *State v. Thoren*, 970 N.W.2d 611, 620 (Iowa 2022). "A district court abuses its discretion when it bases its decisions on grounds or reasons

clearly untenable or to an extent that is clearly unreasonable or if it bases its conclusions on an erroneous application of the law." *Id.* (cleaned up).

Gibson asserts the district court abused its discretion by denying admission of evidence that D.C. stated to others on Snapchat that she was older than fourteen, which contradicted her trial testimony that she was thirteen at the time of the incident. Gibson argues that the denial of this evidence violated his rights to due process and a fair trial. *See State v. Zacarias*, 958 N.W.2d 573, 586–87 (Iowa 2021). The district court denied the evidence because it determined the Snapchat conversations were irrelevant.[2]

The State contends that the Snapchat evidence is inadmissible hearsay. In Iowa, hearsay is defined as "a statement that: (1) [t]he declarant does not make while testifying at a current trial or hearing; and (2) [a] party offers into evidence to prove the truth of the matter asserted in the statement." Iowa R. Evid. 5.801(c)(1)–(2). Here, the Snapchat statements were made by D.C. outside of trial, and Gibson argued their admission was for the purpose of disproving an element of the crime—that D.C. was under the age of fourteen. Accordingly, the evidence was offered "for the truth of the matter asserted" and was inadmissible. Iowa R. Evid. 5.802. And even though the Snapchat evidence showed inconsistent statements from D.C. regarding her age, the statements were not made "under penalty of perjury at a trial, hearing, or other proceeding" so the evidence was not exempt from the prohibition against hearsay. Iowa R. Evid. 5.801(d)(1)(A).

---

[2] Although the district court's reasoning for denying admission of the Snapchat records was based on relevance, we may review the decision and apply "a different rationale than relied on by the district court." *State v. Smith*, 876 N.W.2d 180, 184 (Iowa 2016).

Gibson alternatively contends that D.C.'s prior inconsistent statements do not fall under the prohibition against hearsay because they were to be offered for impeachment purposes. *See Brooks v. Holtz*, 661 N.W.2d 526, 531 (Iowa 2003). While this assertion is correct, it is unclear how the potential impeachment would affect D.C.'s credibility. D.C. never testified that a sex act occurred, and that determination by the jury was based on other circumstantial evidence. There was also substantial evidence confirming D.C.'s actual age. So, even if the district court erred in disallowing the evidence for impeachment purposes, it would amount to harmless error because of the "overwhelming evidence of [Gibson's] guilt." *See State v. Flores*, 2 N.W.3d 287, 292 (Iowa 2024) ("The State overcomes the presumption of prejudice [from erroneous exclusion of evidence] if it can establish that there was overwhelming evidence of the defendant's guilt." (citation omitted)).

Further, if Gibson's intention was to submit the evidence to show he was unaware of D.C.'s actual age, the Snapchat records are irrelevant. For evidence to be relevant, it must have "any tendency to make a fact more or less probable than it would be without the evidence" and that "fact is of consequence in determining the action." Iowa R. Evid. 5.401(a), (b). Because second-degree sexual abuse when applied to a child is a strict liability offense, ignorance of D.C.'s age is not "of consequence in determining the action." *Id.*; *State v. Lampman*, 345 N.W.2d 142, 145 (Iowa 1984) (stating "sexual abuse of a child . . . is a strict liability offense"). It follows that mistake of fact is not a defense. *See State v. Tague*, 310 N.W.2d 209, 212 (Iowa 1981). The district court did not abuse its discretion in determining the Snapchat records were irrelevant.

**(C) Whether the District Court Erred in Overruling Gibson's Hearsay Objections.**

Gibson asserts that testimony from Officer Zachary Colin and registered nurse Katherine Scott concerning D.C.'s age constituted inadmissible hearsay. We review the court's admission of hearsay evidence for correction of errors at law. *State v. Veverka*, 938 N.W.2d 197, 202 (Iowa 2020).

During trial, Gibson objected to questions about D.C.'s age and the court overruled the objections, allowing both witnesses to testify that D.C. was thirteen at the time of the incident. Beginning with Officer Colin's testimony, counsel asked, "[h]ow old was the runaway?" to which Colin answered, after the overruled objection, "[t]hirteen years of age." There were no additional questions regarding how Colin learned of D.C.'s age. Gibson argues that Colin could only have learned of D.C.'s age from an out-of-court declarant, which would qualify as inadmissible hearsay. Iowa Rs. Evid. 5.801, 5.802.

When an "out-of-court statement is used to prove something other than the truth of the matter asserted, such as responsive conduct, the statement may be admissible as nonhearsay." *State v. Dessinger*, 958 N.W.2d 590, 603 (Iowa 2021). "Generally, an investigating officer may explain [their] actions by testifying as to what information [they] had, including its source, regarding the crime and the criminal" without violating the rule against hearsay. *State v. Elliott*, 806 N.W.2d 660, 667 (Iowa 2011). But, "if an investigating officer specifically repeats a victim's complaint . . . it is likely that the testimony will be construed . . . as evidence of the facts asserted." *Id.* (cleaned up).

Officer Colin stated the information was provided to him prior to investigating the location of D.C. The information about D.C.'s age was related to the purpose of locating her and was pertinent to the eventual charge against Gibson. Colin did not repeat a victim's complaint nor any other impermissible out-of-court statement. *See id.* We find the district court did not err in overruling Gibson's hearsay objection to Colin's testimony about D.C.'s age.

Gibson also challenges a statement by Scott, who was the treating nurse at Blank Children's Hospital that performed the sexual assault evaluation on D.C. When asked about D.C.'s age on direct examination, Scott referenced her medical report and answered that D.C. was thirteen years old. One exception to the rule against hearsay is a "[s]tatement made for medical diagnosis or treatment." Iowa R. Evid. 5.803(4). A statement "for medical diagnosis or treatment" includes statements "made for—and [] reasonably pertinent to—medical diagnosis or treatment." *Id.* r. 5.803(4)(A). D.C.'s age was certainly pertinent to her treatment, especially for medical determinations about what is typical for someone her age. Accordingly, Scott's testimony regarding D.C.'s age falls under an exception to hearsay. *See id.* We find the district court did not err in overruling Gibson's objection to Scott's statement about D.C.'s age.[3]

---

[3] Even if we were to find the district court's ruling in error, which we do not, the objectionable testimony was cumulative to other evidence in the record, which was not objected to, such as D.C.'s own testimony about her age on January 24, 2024, as well as the information concerning D.C.'s age contained in the body-cam footage, also not objected to by Gibson. "In considering whether the admission of hearsay is reversible error, we have held that notwithstanding the presumption of prejudice from the admission of such evidence, the erroneously admitted hearsay will not be considered prejudicial if substantially the same evidence is properly in the record." *State v. Newell*, 710 N.W.2d 6, 19 (Iowa 2006).

### III. Conclusion.

We conclude sufficient evidence exists in this record to support the conviction. We also find no error in the district court's evidentiary rulings. Accordingly, we affirm the conviction.

**AFFIRMED.**